THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**SIONE VATUVEI,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:09CR758 DAK<br><br>Judge Dale A. Kimball |

  This matter is before the court on Defendant Sione Vatuvei's Motion for Early Termination of Supervised Release, which was filed on September 6, 2022. On September 14, 2011, this court sentenced Defendant to 157 months incarceration and 60 months of supervised release. Defendant's term of supervised release began on July 2, 2021, so he has served just over a year of his five-year term of supervised release. The United States Probation Office provided the court with a Report on Person Under Supervision, recommending that Defendant's request be denied at this time. The assigned Assistant United States Attorney also opposes the motion.

  Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed

to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

In his report, Defendant's probation officer states that Defendant "appears to be on the right track changing his life and taking rehabilitation seriously," but "due to the fact that he has only completed 14 months out of the 60 ordered months of supervised release, probation does not support early termination at this time."

The court applauds Defendant's progress so far but agrees with the probation officer that Defendant would benefit from a longer period of time on supervised release, during which time he can further demonstrate his compliance and commitment to change. The court, therefore, denies Defendant's Motion for Early Termination of Supervised Release at this time, but Defendant may reapply for early termination after he has been under supervision for at least 30 months.

DATED this 14th day of September, 2022.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge